IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEMARIO BELL,** | |
| **Plaintiff,** | |
| v. | Case No. 23-cv-3791-MAB |
| **SGT. HESS and WEXFORD HEALTH RESOURCES, INC.,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Demario Bell, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights while he was incarcerated at Menard Correctional Center ("Menard"). In the Complaint, Bell alleges Sergeant Hess was deliberately indifferent to his medical condition in violation of the Eighth Amendment.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent by the Illinois Department of Corrections and Wexford Health Sources, Inc., to the exercise of Magistrate Judge jurisdiction as set forth in the Memoranda of Understanding between this Court and these two entities.

portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Bell makes the following allegations: While housed in Menard Correctional Center's receiving unit in October 2022, Sergeant Hess ordered Bell into the showers (Doc. 1, p. 11). Bell informed Hess that he could not feel or move his legs, but Hess forced Bell into the showers despite Bell's protests. Bell fell, cutting his ankle and hitting his face and shoulder on the ground (*Id.*). Bell was examined by a nurse who stated that she would make a report indicating Bell lost his balance and fell in the showers (*Id.*). Medical records from October 25, 2022 note an injury 1/8 inches in diameter (*Id.* at pp. 11, 18). Bell alleges that Hess disregarded his serious medical condition and forced him into the showers, causing Bell to fall (*Id.*). Bell alleges that he had a right to decent prison conditions (*Id.*). Bell also alleges that Hess and medical staff should have been aware of his medical condition because Bell had a physical therapy evaluation on September 30, 2022 which noted his difficulty in standing and walking (*Id.*). The therapist also noted that Bell was at an increased risk of falls (*Id.*).

Prior to the fall in the shower, Bell had a previous fall and was sent to the Chester Emergency Room for evaluation (*Id.* at p. 12). On October 16, 2022, Chester Hospital released Bell with recommendations for steroids and an urgent referral to neurology (*Id.*). Because Bell received a diagnosis and urgent referral prior to his fall, he alleges that Hess should have refrained from forcing Bell into the showers after Bell informed Hess of his

condition. Or at the very least, Bell alleges that Hess should have called the healthcare unit to verify his medical condition (*Id*.). Instead, Hess "forced" Bell into the showers, causing Bell to fall (*Id*.). Although he received medical treatment for the injury, Bell alleges that the injury to his ankle eventually became infected, requiring a transfer to Carbondale Memorial Hospital (*Id*.). He remained in the hospital from November 5, 2022 until November 16, 2022 (*Id*.). His wound also required further treatment at Menard Correctional Center, from November 16 until December 6, 2022 (*Id*.).

## Preliminary Dismissal

After careful review of the allegations contained in the complaint, its clear that Bell has failed to state a claim against Wexford Health Resources, Inc. ("Wexford"). Although he lists Wexford in the case caption, he merely states in conclusory fashion that Wexford was deliberately indifferent without providing any facts that suggest deliberate indifference on the part of Wexford. Wexford cannot be liable for the actions of its employees because *respondeat superior*, or supervisor liability, does not apply to Section 1983 actions. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). Bell can only proceed on a claim against Wexford if Wexford's policies and practices led to the deliberate indifference he experienced. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (corporation can be held liable for deliberate indifference if it had a policy or practice that caused the violation). But Bell fails to allege any policies or practices that caused his fall. Nor has he alleged that Sergeant Hess was acting pursuant to a Wexford policy or practice. Thus, Bell fails to state a claim against Wexford and it is **DISMISSED without prejudice**.

Further, to the extent that Bell seeks to allege that any official was deliberately indifferent to his need for care after his fall, Bell fails to state a claim. He notes that his wound became infected, and he required a transfer to a local hospital for additional treatment. But he fails to allege that any staff member at Menard denied or delayed his care after the fall. In fact, he specifically acknowledges that he received medical care for his injuries (Doc. 1, p. 12). Thus, any deliberate indifference claim for his medical treatment is also **DISMISSED without prejudice**.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to designate the following count:

> **Count 1:** Eighth Amendment claim against Sgt. Hess for forcing Bell into the showers with deliberate indifference to Bell's known physical condition, which caused Bell to fall and injure himself.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[2]

At this stage, Bell states a claim against Sgt. Hess for forcing him into the showers despite his knowledge of Bell's inability and/or difficulty in standing and walking. "The

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

4

Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to 'provide humane conditions of confinement, . . . ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable measures to guarantee the safety of inmates.'" *Balle v. Kennedy*, 73 F.4th 545, 552 (7th Cir. 2023) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (internal quotations omitted)). Prison officials violate the Eighth Amendment when they display deliberate indifference, which "is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). "It is well established that 'slippery surfaces and shower floors in prisons, without more, cannot constitute a hazardous condition of confinement.'" *Balle*, 73 F.4th at 554 (quoting *Pyles v. Fahim*, 771 F.3d 403, 410 & n.25 (7th Cir. 2014)). But when conditions present a more serious risk of harm, officials can be liable if they are subjectively aware and "intentionally disregarded [the] objectively serious risk to [the inmate's] health or safety." *Id.* (quoting *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022)). *See also Anderson v. Morrison*, 835 F.3d 681, 682-83 (7th Cir. 2016) (inmate stated an Eighth Amendment claim when he was handcuffed behind his back and forced to walk down stairs littered with food, milk, and garbage).

Here, Bell alleges more than a simple slip and fall in the shower. He alleges that he suffers from a neurological condition which makes it difficult to stand, walk, or balance (Doc. 1, p. 11). Bell alleges that Hess was aware of this condition both due to Bell's recent medical history and because Bell told him about his condition before entering the

5

showers. Despite Bell's protests that he was not able to shower while standing, Hess allegedly forced Bell into the showers which led to Bell falling and injuring himself. At this stage, this is enough to state an Eighth Amendment claim for deliberate indifference.[3]

## Pending Motions

As to his motion for counsel (Doc. 3), Bell indicates that he has written several law firms who have declined to take his case. He also states that he has a medical condition that causes memory loss, making litigating the case on his own difficult. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel … cannot be gauged.").[4] Further, counsel is not needed at this time because Hess has not filed an Answer nor is there anything pending that would require the assistance of counsel. Thus, his motion for counsel (Doc. 3) is **DENIED**. Bell may renew his motion for counsel at a later date.

---

[3] Bell might also have a viable claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. He references the ADA in his grievances and requests a wheelchair in his grievance (Doc. 1, pp. 1, 9). But he fails to allege an ADA claim in his statement of claim. There are no factual allegations to suggest what ADA permits or devices he had at Menard or whether permits were denied or not recognized by correctional officers. In other words, there are simply no allegations in his statement of claim to suggest that Hess failed to accommodate his disability.

[4] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

**Disposition**

For the reasons stated above, Count 1 shall proceed against Sgt. Hess. Any potential claim against Wexford Health Resources, Inc. is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendant Sgt. Hess: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendant's place of employment as identified by Bell. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Bell, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).

**Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Bell, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Bell is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

DATED: 2/13/2024

/s/ Mark A. Beatty
MARK A. BEATTY
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**